Vázquez Prada et al., Peticionario, v. Córdova Dávila, Juez de Distrito, Demandado, y Ubarri, Interventor.

Solicitud para que se expida un mandamiento de *certiorari* al Juez de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre nulidad de actos, inscripciones y otros procedimientos.

No. 145.—Resuelto en julio 8, 1915.

Certiorari—Nombramiento de Síndico—Discreción Judicial.—No procede un recurso de *certiorari* para revisar una resolución sobre nombramiento de síndico, cuando no consta en modo alguno que el juez abusara de su poder discrecional.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. Rafael López Landrón.*

El juez demandado, Sr. Félix Córdova Dávila, no compareció.

Abogados del interventor: *Sres. J. R. F. Savage y Luis Méndez Vaz.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de *certiorari* interpuesto contra el Hon. Félix Córdova Dávila, Juez de la Sección Primera de la Corte de Distrito de San Juan. La cuestión a resolver es la de si cierto nombramiento de síndico hecho por el expresado juez en el pleito No. 7232, seguido por *Buenaventura Ubarri* v. *Luisa López Laborde y otros,* sobre nulidad de actas de inscripción y otros pronunciamientos, se hizo o no de acuerdo con los hechos y la ley.

Expedido el auto, se elevó el pleito original a esta Corte Suprema, celebrándose la vista del recurso el 14 de junio de 1915.

Examinado el pleito original, resulta que Buenaventura Ubarri entabló demanda en la Corte de Distrito de San Juan, Sección 1ª., contra Luisa López Laborde, y sus hijos, alegando ser dueño de la mitad y de una tercera parte indivisa de la otra mitad de la casa de altos y bajos, No. 24 de la

calle de San José, de esta Capital, y pidiendo la rescisión de varias escrituras e inscripciones que obstaculizaban el libre ejercicio de su derecho. También pidió el demandante que los demandados fueran condenados a devolverle dos mil pesos que indebidamente habían percibido en concepto de cánones de arrendamiento.

En la demanda se alega que la casa de que se trata fué adquirida por la demandada Luisa López Laborde estando casada con Arturo Vázquez Prada, y que muerto el esposo dejando una póliza de seguro, el importe íntegro de ésta se dedicó a levantar un piso en la indicada casa, correspondiendo en tal virtud, de acuerdo con la ley, a la viuda, en la repetida casa, una mitad por sus gananciales y una tercera parte por herencia, ya que el marido murió intestado el 9 de junio de 1904. Que esto no obstante, por virtud de ciertos actos contrarios a la ley realizados por la viuda, ésta aparecía con menos derechos de los que realmente tenía, en el registro de la propiedad. También se alegó en la demanda con todos los detalles necesarios que el demandante había adquirido todos los derechos de la demandada Luisa López Laborde en la casa en cuestión a consecuencia de ciertos procedimientos seguidos en la Corte Federal, y que los demandados han venido percibiendo íntegramente las rentas de la finca, adeudando por el expresado concepto al actor la suma de dos mil pesos.

La demanda tiene fecha de enero 27, 1914. Emplazados los demandados, comparecieron primero por medio del letrado Rafael López Landrón e hicieron varias gestiones en el pleito. Luego el dicho abogado renunció, y los demandados comparecieron y contestaron la demanda el 29 de mayo de 1914, por medio del letrado José de Diego. El 17 de agosto renunció también este letrado. Así las cosas, el 29 de enero de 1915, el demandante pidió a la corte que nombrara un síndico que administrara la casa tantas veces mencionada. El 16 de febrero se discutió la moción ante la corte por los abogados de ambas partes y el 4 de marzo de 1915 la corte nom-

bró a Luis F. Sanjurjo para administrar, previa fianza, un condominio de las dos terceras partes de la casa en cuestión, hasta que se decidieran por la corte los derechos de los litigantes sobre el referido inmueble.

Como fundamentos de la solicitud de nombramiento de Síndico, se alegaron la claridad del derecho del demandante a la participación que reclamaba y el hecho de que los demandados venían percibiendo las rentas del inmueble e invirtiéndolas en su beneficio exclusivo con perjuicio del demandante que no podría recobrarlos por carecer los demandados de suficientes bienes para ello, y se invocó el artículo 182 del Código de Enjuiciamiento Civil, que expresamente dispone, en su número 1, que un síndico podrá ser nombrado por la corte en que un pleito esté pendiente, entre otros casos, en el de una acción entablada entre personas que en común posean o estén interesadas en bienes o fondos, mediante solicitud del demandante o de cualquiera parte, cuyo derecho o interés en dichos bienes o fondos sea presumible, siempre que se probare que los bienes o fondos corren peligro de perderse, trasladarse o sufrir daños de consideración. Nada demuestran los autos con respecto a la actitud asumida por los demandados frente a la afirmación del demandante de que las rentas por él reclamadas corrían el peligro de perderse para él si continuaban percibiéndolas únicamente los demandados.

Habiendo en consideración todo lo expuesto, se impone como consecuencia única la conclusión de que no consta en modo alguno que el juez de distrito abusara de su poder discrecional al nombrar el síndico que administrara el condominio de que se trata, y, en tal virtud, que debemos resolver en definitiva no haber lugar a revisar los procedimientos de la corte inferior, a la que se devolverán los autos originales remitidos, para que continúe tramitándolos de acuerdo con la ley.

*Declarada sin lugar la solicitud y anulado el auto de* certiorari *expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.